Filed 8/11/22  P. v. Norwood CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C093053 |
| v. | (Super. Ct. No. 04F03801) |
| DONALD NORWOOD, | |
| Defendant and Appellant. | |

A jury convicted defendant Donald Norwood of first degree murder during a gang-related shooting, and the trial court sentenced him to 25 years to life in prison, plus a consecutive prison term of 25 years to life for firearm use and gang enhancements.  This court affirmed the judgment.  (*People v. Norwood* (Dec. 22, 2006, C051371) [nonpub.

1

opn.] (*Norwood*).)  About 12 years later, defendant filed a petition to vacate his conviction and for resentencing under Penal Code section 1170.95.[1]  The trial court issued an order to show cause, received briefs, held a hearing, and denied the petition.

Defendant now contends (1) the trial court applied an incorrect standard of proof, and (2) he was denied the right to be personally present at the order to show cause hearing.

We agree the trial court used an incorrect standard to find defendant ineligible for relief under section 1170.95.  Accordingly, we will remand the matter to permit the trial court to conduct a new hearing using the proper standard and to apply the evidentiary rules in the current version of section 1170.95, subdivision (d)(3).  Defendant's claim that he was denied the right to be personally present at the order to show cause hearing is not supported by the record.

## BACKGROUND

Defendant and his codefendants, Jimmy Broadnax and Mark Johnson, were charged with committing the murder of Raymond Raya with malice aforethought.  It was alleged that in the commission of the offense, a principal personally and intentionally discharged a firearm and proximately caused death to a person not an accomplice within the meaning of section 12022.53, subdivision (e)(1), and that defendants committed the murder for the benefit of, at the direction of, and in association with a criminal street gang with the specific intent to promote, further and assist in the criminal conduct by gang members within the meaning of section 186.22, subdivision (b)(1).

---

[1]  Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  For purposes of clarity and conformity with the petition, we will continue to refer to the statute as section 1170.95 throughout the opinion.  Further undesignated statutory references are to the Penal Code.

Johnson pleaded no contest to voluntary manslaughter, admitted the firearm use and gang allegations, and agreed to testify truthfully at the trial, in exchange for a promised 25-year prison term. During the People's case-in-chief, Broadnax entered a similar plea in exchange for a promised 20-year prison term. (*Norwood, supra*, C051371.)

There was testimony at the trial that defendant, Johnson and Broadnax were members of the 29th Street Crips, and that members of the group discussed retaliating for a shooting some believed targeted a 29th Street Crips founder. The group was informed that a white van with custom rims was responsible for the shooting. A caravan including a red Pontiac Grand Am driven by defendant went in search of the white van. Johnson and Broadnax were in the car with defendant. The Grand Am followed a white van to a gas station. There were about 30 people at the gas station, dancing and talking. Defendant handed Johnson a gun, and Broadnax told Johnson to get out of the car and shoot. Johnson fired multiple shots. He testified he aimed at the white van parked to the side of the gas station. Another witness testified that Johnson aimed at the crowd, which was in the same area as the white van. Raya was shot and later died.

The jury convicted defendant of first degree murder and found true the firearm use and gang allegations. The trial court sentenced defendant to 25 years to life in prison, plus a consecutive prison term of 25 years to life on the firearm use and gang enhancements.

On direct appeal, defendant argued (1) there was insufficient evidence of premeditated murder because he and his cohorts did not see the intended victim (E.R.) at the gas station and they did not premeditate the killing of the actual victim (Raya); (2) the natural and probable consequences doctrine instruction should have told the jury that premeditated murder must be the natural and probable consequence of the target crime, and the evidence did not support a natural and probable consequence doctrine instruction because Johnson did not premeditate the murder of Raya; and (3) the trial court erred in

3

instructing the jury on transferred intent because no evidence supported that theory. This court affirmed the judgment, concluding that substantial evidence supported defendant's conviction for first degree murder as a direct aider and abettor based on transferred intent, and the trial court did not err in instructing on the natural and probable consequences doctrine and transferred intent. (*Norwood, supra*, C051371.) The California Supreme Court denied defendant's petition for review.

Defendant filed a petition for resentencing more than a decade later. He averred that (1) a complaint or information was filed against him that allowed the prosecution to proceed under the felony murder rule or the natural and probable consequences doctrine; (2) at trial, he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; and (3) he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189 effective January l, 2019.

The People moved to dismiss the petition, arguing that Senate Bill No. 1437 (2017-2018 Reg. Sess.) was unconstitutional and defendant failed to make a prima facie showing of eligibility for relief. Represented by counsel, defendant opposed the People's motion. The trial court requested further briefing on specified issues. Following the submission of briefs, it issued an order to show cause and set a hearing. The parties filed written responses to the order to show cause.

The trial court denied defendant's petition following the hearing. It said this court's opinion on direct appeal determined that any rational trier of fact could have found the elements of first degree murder based on a direct aiding and abetting theory beyond a reasonable doubt, independent of the natural and probable consequences doctrine. Therefore, it had been proven beyond a reasonable doubt that defendant was not a person who could not be convicted of murder under sections 188 and 189, as amended by Senate Bill No. 1437.

4

DISCUSSION

I

Defendant contends the trial court applied an incorrect standard of proof in reviewing his petition.

Senate Bill No. 1437, which became effective on January 1, 2019, eliminated liability for murder under the natural and probable consequences doctrine of aiding and abetting liability. (*People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 847-848 (*Gentile*), superseded by statute on other grounds as stated in *People v. Hola* (2022) 77 Cal.App.5th 362, 370.) Prior to Senate Bill No. 1437, the natural and probable consequences doctrine allowed a person who knowingly aided and abetted a crime, the natural and probable consequence of which was murder, to be convicted of not only the target crime but also the resulting murder, irrespective of whether he or she harbored malice aforethought. (*Gentile,* at pp. 844-845; *People v. Medina* (2009) 46 Cal.4th 913, 920.) Senate Bill No. 1437 amended section 188 to provide that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Instead, except for felony murder liability, in order to be convicted of murder, a principal in a crime must act with malice aforethought. (*Ibid.*)

Senate Bill No. 1437 did not change the criminal liability of direct aiders and abettors. (*Gentile, supra,* 10 Cal.5th at p. 848.) Such persons, who by act or advice aid, promote, encourage or instigate the commission of murder, with knowledge of the direct perpetrator's criminal purpose and with intent to commit, encourage or facilitate the commission of murder, remain criminally liable for murder. (*People v. Prettyman* (1996) 14 Cal.4th 248, 259; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1164.)

Senate Bill No. 1437 also added section 1170.95, which, as pertinent here, provides a mechanism for a defendant convicted of murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder

5

conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: (1) a complaint, information or indictment was filed against the defendant that allowed the prosecution to proceed under a theory of murder under the natural and probable consequences doctrine; (2) the defendant was convicted of murder following a trial; and (3) the defendant could not presently be convicted of murder because of changes to section 188 made pursuant to Senate Bill No. 1437. (§ 1170.95, subd. (a).) After the parties have had an opportunity to submit briefs, the trial court must hold a hearing to determine whether the defendant has made a prima facie case for relief under section 1170.95. (§ 1170.95, subd. (c).) If the defendant makes the prima facie showing, the trial court must issue an order to show cause. (§ 1170.95, subd. (c).) The trial court must then hold a hearing to determine whether to vacate the murder conviction and recall the sentence and resentence the defendant on any remaining counts in the same manner as if the defendant had not previously been sentenced. (§ 1170.95, subd. (d)(1).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) resolved the disagreement between the Courts of Appeal about the prosecutor's burden of proof at a section 1170.95, subdivision (d) hearing. (See, e.g., *People v. Lopez* (2020) 56 Cal.App.5th 936, review granted Feb. 10, 2021, S265974, transferred to the Court of Appeal with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775, Dec. 22, 2021; *People v. Duke* (2020) 55 Cal.App.5th 113, review granted Jan. 13, 2021, S265309, transferred to the Court of Appeal with directions to vacate its decision and reconsider the cause in light of Senate Bill No. 775, Nov. 23, 2021.) Effective January 1, 2022, Senate Bill No. 775 amended section 1170.95, subdivision (d)(3) to provide that at a subdivision (d) hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is

6

admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1170.95, subd. (d)(3); Stats. 2021, ch. 551, § 2.)

In sum, at a section 1170.95, subdivision (d) hearing to determine whether the defendant is entitled to relief, the trial judge sits as a fact finder and must determine whether the People have proven, beyond a reasonable doubt, that the defendant is guilty of murder under the section 188 and 189, as amended. (§ 1170.95, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 294-295 (*Clements*).) The trial court does not merely decide whether there is substantial evidence for a jury to conclude that the defendant is guilty of murder under a still-valid theory. (*Clements,* at pp. 294-295.)

The trial court here did not make an independent finding, beyond a reasonable doubt, whether defendant is guilty of first degree murder under a still-valid theory. It only stated what it understood this court's opinion on direct appeal concluded, i.e., that any rational trier of fact could have found beyond a reasonable doubt that defendant was guilty of first degree murder based on a direct aider and abettor theory.

The People agree the trial court applied an incorrect standard but say the error was harmless because the trial court interpreted this court's opinion as concluding that the

7

direct aider and abettor theory had been proven beyond a reasonable doubt and Johnson's testimony and the prosecutor's argument supported that conclusion.

The trial court instructed the jury on murder, express and implied malice, first and second degree murder, aiding and abetting, transferred intent, and the natural and probable consequences doctrine. The prosecutor argued to the jury that defendant, who drove the car in which the shooter Johnson emerged, was an aider and abettor of Johnson. He said defendant and his cohorts intended to kill E.R. in retaliation for a shooting; they thought about and planned to commit murder. The prosecutor discussed transferred intent, explaining that if a person intended to kill one person (E.R.) but instead killed someone else (Raya), the person was guilty of first degree murder in connection with the person actually killed. The prosecutor further explained the natural and probable consequences doctrine as an "alternative to get to the same result." He argued that even if defendant did not intend to aid and abet a murder, he was guilty of murder if he aided and abetted a shooting and the natural and probable consequence of the shooting was that someone might die. The verdict does not indicate the theory upon which the jury based its first degree murder conviction.

Whether defendant committed murder under a theory that remains valid after Senate Bill No. 1437 is a factual question the People must prove beyond a reasonable doubt at a section 1170.95, subdivision (d) hearing. (*Clements, supra*, 75 Cal.App.5th at p. 294.) We will not speculate as to what the trial court would have found as an independent fact finder. The trial court must, using the proper standard and applying the evidentiary rules in the current version of section 1170.95, subdivision (d)(3), decide the matter in the first instance.

## II

Defendant also asserts he was denied the right to be personally present at the order to show cause hearing.

8

The record does not support defendant's assertion that he did not attend the order to show cause hearing. The order to show cause set a hearing for September 3, 2020. A minute order states the hearing was rescheduled without objection to September 22. On September 22, the trial court continued the hearing to October 15. A minute order states that on October 15, the trial court heard the order to show cause matter by Zoom, with appearances by defendant, his counsel, and counsel for the People.

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed. The matter is remanded for a new hearing pursuant to section 1170.95, subdivision (d)(3), as amended by Senate Bill No. 775.


<u>          /S/          </u>
MAURO, Acting P. J.


We concur:


<u>      /S/          </u>
DUARTE, J.


<u>      /S/          </u>
RENNER, J.